UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21 CV 897 MTS |
| MECC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of a civil complaint and request for leave to proceed *in forma pauperis*, filed by Joseph Michael Devon Engel, prison registration number 1069055.[1] Plaintiff's request will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint.

**Background**

On September 3, 2020, plaintiff began filing civil actions *pro se* in this Court, each time seeking leave to proceed *in forma pauperis*. His first case, a petition for habeas corpus relief under 28 U.S.C. § 2254, was dismissed on December 14, 2020 due to his failure to exhaust available state remedies. *Engel v. Payne*, No. 4:20-cv-1211-DDN, Doc. [8], (E.D. Mo. Sept. 3, 2020). Subsequently, he began filing prisoner civil rights complaints pursuant to 42 U.S.C. § 1983. For the most part, he submitted his pleadings in bulk, and stated he intended each set of pleadings to be docketed as an individual civil action.

---

[1] Plaintiff has not filed a separate Application to Proceed in District Court Without Prepaying Fees or Costs. Instead, he included such request in the body of the complaint.

In many of his complaints, plaintiff listed numerous entities and officials identified only by generic job titles, and sought trillions of dollars in damages against them based upon wholly conclusory and nonsensical allegations. *See, e.g., Engel v. Corizon*, No. 4:20-cv-1695-NAB (E.D. Mo. Nov. 30, 2020) (listing 45 defendants on handwritten notes included with complaint); *Engel v. CO1*, No. 4:20-cv-1923-HEA (E.D. Mo. Dec. 20, 2020) (naming 49 defendants but none by a first and last name). Plaintiff often sought forms of relief that were unrelated to his claims (such as stocks, properties, outfitted luxury vehicles, and college scholarships) from multiple defendants and non-parties, and he sought relief on behalf of individuals other than himself. *See e.g., Engel v. CO1, et al.,* No. 4:20-cv-1620-NCC (E.D. Mo. Nov. 9, 2020) (seeking scholarships for family members, Missouri farmland for marijuana cultivation, and Mercedes SUVs that are "bulletproof" and "bombproof"); *Engel v. USA*, No. 4:20-cv-1742-MTS (E.D. Mo. Dec. 1, 2020) (seeking 250 trillion dollars and 2 million in stocks of twenty-three listed countries); and *Engel v. Mercy Hospital Festus*, No. 4:20-cv-1911-AGF (E.D. Mo. Dec. 11, 2020) (seeking 8900 trillion dollars plus 10 million stocks in various metals, gems, food products, and U.S. and foreign currencies). Plaintiff repeatedly referred to, and appeared to at least partially base his entitlement to relief upon, his alleged status as a "sovereign citizen." *See e.g., Engel v. Governor of Missouri*, No. 1:20-CV-217-HEA (E.D. Mo. Oct. 7, 2020).

The cases that were reviewed pursuant to 28 U.S.C. § 1915(e)(2) were dismissed, either for one of the reasons articulated therein[2] or because plaintiff failed to comply with Court orders.

---

[2] For example, in many of plaintiff's actions, the Court determined his allegations were "clearly baseless" and therefore factually frivolous under the standard articulated in *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), and also determined many complaints were subject to dismissal as malicious based upon the nature of his pleadings and his abusive litigation practices. *See e.g., Engel v. Prob. & Parole of Mo.*, No. 4:20-cv-1740-DDN, ECF No. 5 at 6 (E.D. Mo. dismissed Dec. 22, 2020) (listing twenty-nine of Mr. Engel's cases naming Missouri Department of Corrections as a defendant); *Engel v. Corizon*, No. 4:20-cv-1812-NAB, ECF No. 4 at 8-9 (E.D. Mo. dismissed Jan. 6, 2021) (discussing Mr. Engel's litigation practices as part of an attempt to harass named defendants and not a legitimate attempt to vindicate a cognizable right).

In *Engel v. Missouri Courts*, No. 4:20-cv-1258-SPM (E.D. Mo. Sept. 15, 2020), the Honorable Henry Edward Autrey cautioned plaintiff to avoid the practice of repeatedly filing frivolous and malicious complaints. Judge Autrey explained that doing so amounted to abusive litigation practices, and could affect plaintiff's future eligibility to proceed *in forma pauperis* as well as potentially subject him to sanctions. Nevertheless, plaintiff continued the practice. As of December 21, 2020, he was subject to 28 U.S.C. § 1915(g). In cases filed after that date, plaintiff was denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and his cases were dismissed without prejudice to the filing of a fully-paid complaint.

As of December 31, 2020, plaintiff filed more than 130 civil actions. Additionally, the Court has received civil rights complaints that were filed by prisoners other than plaintiff, but were in plaintiff's handwriting and contained allegations and prayers for relief similar to those plaintiff asserted in actions he filed on his own behalf. *See e.g., Herron v. ERDCC et al.,* No 4:21-cv-527-NAB (E.D. Mo. May 3, 2021). Finally, on June 9, 2021, plaintiff filed five new civil complaints, on July 14, 2021, plaintiff filed an additional three civil complaints, and on July 21, 2021, plaintiff filed twelve civil complaints. These new complaints mirror the ones described above. In sum, plaintiff has flagrantly disregarded this Court's prior caution to avoid engaging in abusive litigation practices.

## The Complaint

Plaintiff filed the instant complaint on or about July 21, 2021 pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and the Missouri Eastern Correctional Center ("MECC"). He identifies himself by name, and as "Sovereign Citizen Missouri."

Plaintiff, an inmate at MECC, states that he has been denied property, although he does not indicate exactly what property he has been denied. He asserts that during the Covid-19 pandemic

3

he was denied "haircuts and razors." Nevertheless, plaintiff states that MDOC is now telling inmates that the pandemic is over. He claims that on the phone calls they are allowed every other week "they are treated like animals." Plaintiff does not elaborate on this statement. He does, however, state that he was placed "in the hole" in May of 2021 "for nothing." Plaintiff does not provide the Court with the factual circumstances relative to his placement in administrative segregation.

As relief, he seeks "650 Billion Dollars."

## Discussion

As discussed above, plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1763 (2015). Therefore, plaintiff may proceed *in forma pauperis* in this action only if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The instant complaint contains no allegations establishing that plaintiff is under imminent danger of serious physical injury. Therefore, he may not proceed *in forma pauperis* in this action. *See* 28 U.S.C. § 1915(g).

---

[3] *See Engel v. Governor of Missouri, et al.,* No. 1:20-cv-217 HEA (E.D. Mo. Dec. 15, 2020); *Engel v. United States of America, et al.*, No. 4:20-cv-1742 MTS (E.D. Mo. Dec. 18, 2020); *Engel v. Missouri Courts, et al.,* No. 4:20-cv-1258 SPM (E.D. Mo. Dec. 21, 2020).

Even if plaintiff could proceed *in forma pauperis* in this matter, the complaint would be dismissed.

The complaint fails to state a claim upon which relief may be granted against the MDOC and the MECC as these entities are not "persons" that can be sued under 42 U.S.C. § 1983, *see Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Additionally, these entities are protected by the state doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). Plaintiff does not allege the Missouri Attorney General was personally involved in or directly responsible for any misconduct that caused a violation of plaintiff's civil rights, *see Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), and plaintiff's allegation of entitlement to relief based upon his status as a "sovereign citizen" is frivolous. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983); *see also United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

Finally, the complaint would be subject to dismissal because it is malicious. As explained above, plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process. It is apparent he filed the instant complaint as part of a general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is

5

malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

Plaintiff's request for leave to proceed *in forma pauperis* will be denied, and this case will be dismissed without prejudice to the filing of a fully-paid complaint. Additionally, the Court will instruct the Clerk of Court to request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

**Plaintiff is once again advised that his litigation practices are abusive, and is cautioned to avoid such practices in the future. For each such complaint plaintiff files, the Court will instruct the Clerk of Court to begin debiting his prison account to pay the civil filing fees. Plaintiff is further cautioned that the Court may impose monetary sanctions upon him if he continues his abusive litigation practices in the future.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may not proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice to the filing of a fully-paid complaint.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall request that the agency having custody of plaintiff begin making payments in accordance with 28 U.S.C. § 1915(b)(2) until the full $402 civil filing fees are paid in full.

Dated this 27th day of July, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

6